THE JEFFERSONVILLE RAILROAD COMPANY *v.* FERRY and Others.

APPEAL from the *Bartholomew* Circuit Court.

Saturday,
December 24.

HANNA, J.—An application was made by the appellees to compel the appellants to take the necessary steps to assess the damages which it is alleged were caused to the real estate of the appellees by the construction of the road of the appellants. An alternative mandate was granted, to which the company appeared and answered in denial. The evidence was heard and the order made absolute. From this order the company appeals.

The only question in the case is, whether a peremptory mandate should have been ordered.

It appears that within two years after the company took possession of the land described, upon which was a warehouse, *Ferry* and others filed a claim with the company for damages, naming an appraiser, &c., and fully describing the property and its location, except that it was alleged to be in section 25, when in truth it was in section 23. The

company, as provided by their charter, also appointed an appraiser, but upon the discovery of the mistake in the description, directed him to desist from making the assessment, &c.

The proper correction was afterwards made in the title deeds, &c., and in the description of the land, but the appellants had not caused the assessment of damages to be made.

It is insisted that, as the property was taken possession of since the adoption of the new constitution, the appellees had an ample remedy at law, without a resort to a mandate. This proposition is based upon the provision of that instrument, to the effect that "no man's property shall be taken by law, without just compensation; nor except in case of the state, without such compensation first assessed and tendered."

We are not able to perceive how this question can fairly arise upon the record as presented to us. There does not appear to have been any demurrer filed to the complaint setting forth the facts upon which a mandate was prayed. The ruling of the Court upon the motion to quash the alternative writ was not excepted to. The record does not profess to set forth all the evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*C. E. Walker*, for the appellants.

*W. Singleton*, for the appellees.